David A. Chami, AZ # 027585
Price Law Group, APC
1204 Baseline Rd., Suite 102
Tempe, AZ 85283
P: 818-907-2133
Fax: 866-401-1457
Email: david@pricelawgroup.com
*Attorney for Plaintiff, Ronald Stewart*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| RONALD A. STEWART,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SYNERGETIC COMMUNICATION, INC.; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATON OF:**<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692 et. seq.]<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Does Not Exceed $10,000 |

# COMPLAINT FOR DAMAGES
## INTRODUCTION

1. Ronald A. Stewart ("Plaintiff") brings this action against Synergetic Communication, Inc. ("Defendant") for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. Defendant is, by definition, a debt collector.

2. Defendant specializes in collecting stale debts that have reached or are about to reach the end of the Statute of Limitations. The FDCPA was designed to

protect consumers from unscrupulous debt collection practices and the law requires that debt collectors like Defendant place a clear and conspicuous notice that the debt is no longer legal enforceable.

## JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).
4. Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## PARTIES

5. Plaintiff is a natural person currently residing in Wilsonville, Oregon.
6. The contract that gave rise to the debt was signed by Plaintiff while residing in the State of Arizona.
7. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiffs are a "debtor" as defined by the FDCPA 15 U.S.C. §1692a.
8. Defendant is located in Houston, Harris County, Texas 77092 and regularly transacts business throughout the United States.
9. Defendant is attempting to collect a debt that was related to a car loan for Plaintiff's vehicle from American Honda Finance Corporation.
10. In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection. Thus, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

//
//

11. Defendant regularly engages in the collection of debt by telephone in several states including, Arizona.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiffs.

16. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

17. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

18. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

19. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

20. Plaintiff's alleged debt is money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by the FDCPA 15 U.S.C. 1692a.

21. Plaintiff was late on payments for much of 2009.

22. Plaintiff's stopped making payments altogether in or around October of 2009; which means that the last chance to file suit against Plaintiff would have been in or around October 2015.

23. The car was repossessed in February of 2010.

24. In a letter dated February 3, 2016, Defendant sent its first written communication to Plaintiff identifying the account and that they were attempting to collect a debt.

25. The purpose of the letter was an attempt to collect an alleged debt totaling $6,791.92.

26. Defendant also included in the letter that a settlement amount for $1,358.38 would be accepted.

27. The expiration of the offer was March 15, 2016; nearly one month after the statute of limitations would run even if you were to use the repossession as the relevant date.

28. The letter did not contain a disclosure stating that the debt was outside of the statute of limitations and that Defendant could not legally enforce the debt.

29. Defendant was aware that the statute of limitations to sue on the debt was six (6) years and that the time to sue on the debt had expired.

30. Nevertheless, Defendant failed to include the necessary disclosure to Plaintiff regarding the legal status of the debt in the hope that Defendant would coerce Plaintiff into making a payment on the time-barred debt.

31. Defendant's conduct as described above was intended to mislead, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.
32. Fearing that they might be sued on the debt, Plaintiff sought the advice of an Attorney.
33. Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.
34. Through Counsel, Plaintiff sent a demand letter to Defendant attempting to informally resolve Plaintiff's claims.
35. Defendant failed to timely respond to the demand and ultimately declined to resolve the dispute informally claiming that the Statute of Limitations had not run until March 19, 2016; more than six years after the vehicle had been repossessed.
36. This brazen conduct is indicative of Defendant's collection practices and caused Plaintiff to suffer emotional distress.

## CAUSE OF ACTION
## COUNT I
### DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTES ACT

37. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.
38. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:
39. Defendant violated the FDCPA by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to

1692j, inclusive, of Title 15 of the United States Code (Fair Debt Collection Practices Act).

40. Defendant violated 15 USC 1692e(2)(A), by falsely representing the character, amount or legal status of any debt;

(ii) Defendant violated 15 USC 1692e(10), by using false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

(iii) Defendant violated 15 USC 1692f(1), by using unfair or unconscionable means to collect or attempt to collect any debt. Specifically, the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

42. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ronald A. Stewart respectfully requests that judgment be entered against Defendant for the following:

(a) Actual Damages pursuant to the FDCPA;

(b) Statutory damages pursuant to the FDCPA;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(3)

(d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law; and

(e) For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiffs demand a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: June 7, 2016

By: /s David A. Chami

David A. Chami, AZ #027585
Attorneys for Plaintiff, Ronald Stewart